```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


DARRELL GIPSON,                  :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :     CASE NO. 3:09cv1696(RNC)
                                 :
CARLIN,                          :
                                 :
     Defendant.                  :
```

## RULING ON PLAINTIFF'S MOTION FOR
## LEAVE TO FILE AN AMENDED COMPLAINT

The plaintiff, Darrell Gipson, proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against certain Connecticut Department of Correction employees, alleging that they were deliberately indifferent to his medical needs in violation of the Eighth Amendment to the United States Constitution. The sole remaining defendant is Counselor Carlin. Pending before the court is the plaintiff's motion for leave to amend the complaint to add two defendants, Debbie Ward and Dr. Ted Lawlor. (Doc. #25.) For the reasons that follow, the motion is denied.

I.   Standard of Review

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Generally, '[a] district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir.

2009) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)). "Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend. . . . One appropriate basis for denying leave to amend is that the proposed amendment is futile." Lucente v. International Business Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Id. To withstand a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). See also Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991) (district court "may review [proposed amendment] for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted").

II. Background

In his initial complaint, the plaintiff alleges that on September 9, 2009, he was processed at the Hartford Correctional Center. He told an intake nurse, Jane Doe,[1] that he was a patient of the Department of Mental Health and Addiction Services and that

---

[1] In his proposed complaint, the plaintiff identifies Jane Doe as Debbie Ward and seeks to add her as a defendant.

2

he took medication for anxiety and depression. The nurse escorted him to the mental health division where he was evaluated by a mental heath counselor named Carlin. Counselor Carlin checked with the Department of Correction database for information regarding the plaintiff's mental health history and contacted the plaintiff's pharmacy to confirm his medications. The plaintiff was informed that the physician was away on vacation and that the plaintiff could not get his medication until the doctor returned. The plaintiff was sent to his unit without any medication. He was seen by the doctor seven days later and given his medication. During the interim, he experienced difficulty sleeping, anxiety and depression. The plaintiff named as defendants mental health counselor Carlin, Dr. Lawlor, Jane Doe, and Doe, mental health supervisor.

Thereafter, the court (Chatigny, J.) determined that the plaintiff's allegations are "sufficient to support a claim for deliberate indifference against Counselor Carlin. Plaintiff's depression and anxiety, made worse by the lack of medication, might well have constituted a serious medical conditions. . . . According to the complaint, Counselor Carlin knew about plaintiff's condition but failed to ensure he received his prescription medications." (Doc. #11 at 3.) The court further concluded that "the allegations of the complaint, liberally construed in plaintiff's favor, are insufficient to state a claim for relief against any other

3

defendant." (Doc. #11 at 3.) As to Dr. Lawlor, the court held that "Dr. Lawlor was away on vacation at the pertinent time and the allegations of the complaint provide no basis for a claim against him." (Id.) Similarly, the court found that the plaintiff had failed to allege sufficient facts to state a claim as to the two Doe defendants. (Id.)

III. Discussion[2]

In the instant motion, the plaintiff seeks to add Debbie Ward and Dr. Ted Lawlor as defendants. The plaintiff fails to allege any facts in his proposed complaint as to these individuals that were not set forth in his original complaint. See doc. #27. As he did in his initial complaint, the plaintiff alleges that during his intake, he told the nurse, now identified as Debbie Ward, that he took medication for anxiety and depression. She then took him to the mental health division. As to Dr. Lawlor, the plaintiff again alleges that he was told by defendant Carlin that the doctor was away on vacation and that he would have to wait until he returned

---

[2]The court notes that the plaintiff's proposed complaint addresses only the additional two additional defendants he wishes to add. (Doc. #27.) An amended complaint should include all claims a plaintiff seeks to have the court consider, all of requests for relief and all defendants against whom he seeks relief. See International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977) (because amended complaint supersedes original complaint and renders former complaint of no legal effect, amended complaint must contain all claims against defendants and relief requested). The court construes the allegations in the plaintiff's proposed complaint in conjunction with those in his original complaint.

4

to receive his medication. The plaintiff's allegations as to the proposed defendants Ward and Lawlor fail "to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009). Because the plaintiff's motion for leave to amend is futile, the motion is denied.

IV. <u>Conclusion</u>

Based on the foregoing, the plaintiff's motion to amend a complaint is denied.

SO ORDERED at Hartford, Connecticut this 4th day of January, 2011.

```
            _____/s/_____
            Donna F. Martinez
            United States Magistrate Judge
```