UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DARRELL B. GIPSON,  :
 :
    Plaintiff,  :
 :
V.  :
 :    CASE NO. 3:09-CV-1696(RNC)
MARIE CARLIN,  :
 :
    Defendant.[1]  :
 :

## RULING AND ORDER

Plaintiff, formerly an inmate in the custody of the Connecticut Department of Correction ("DOC"), brings this action pursuant to 42 U.S.C. § 1983 against a clinical social worker employed by an entity that provides health care services to DOC inmates. Plaintiff claims that the defendant failed to arrange for him to receive medications for depression and anxiety when he was an inmate at the Hartford Correctional Center ("HCC"). Defendant moves for summary judgment contending that the record does not support a claim under the Eighth Amendment. I agree and therefore grant the motion.

Summary Judgment

Summary judgment is appropriate when there is no "genuine issue as to any material fact" and the movant is "entitled to

---

[1] Named as defendants in the complaint are Mrs. Carlin, Mr. Lawler and two unidentified employees. On February 19, 2010, the Court issued a ruling and order (Doc. 11) permitting an Eighth Amendment claim to proceed against Carlin. All other claims were dismissed. Familiarity with the Court's ruling and order is assumed.

judgment as a matter of law." Fed. R. Civ. P. 56(c). To withstand a properly supported motion for summary judgment, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In opposing summary judgment, plaintiff must not "replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit" but instead must offer "significant probative evidence tending to support the complaint." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990)(internal quotations omitted).

In evaluating the evidence, the court "resolve[s] all ambiguities and draw[s] all permissible factual inferences in favor of the party against whom summary judgment is sought." Patterson v. County of Oneida, 375 F.3d 206, 219 (2d Cir. 2004). When the nonmoving party is proceeding pro se, the court construes the pro se party's papers liberally to raise the strongest arguments they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Nonetheless, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II. Facts

The record establishes the following facts.[2] On the afternoon of September 9, 2009, plaintiff was admitted to the HCC. An intake interview was performed by a nurse at the facility at about 5:00 p.m. Plaintiff informed the intake nurse that he was a client of the Department of Mental Health and Addiction Services. As a result, he was escorted to another part of the facility where a mental health intake interview was performed by a licensed practical nurse. The nurse determined that plaintiff's mental health status was normal although she noted that he was somewhat depressed. The nurse confirmed that plaintiff was "on mental health medications" and referred him for a psychiatric evaluation.[3] Plaintiff did not receive any medication for his mental health condition between September 9 and September 14.

Defendant met with plaintiff on September 11, 2009, two days after his admission to the HCC. On that day, she notified

---

[2] Defendant submitted a proper Local Rule 56(a) statement and served plaintiff with the notice required to be given to a pro se litigant regarding summary judgment. Plaintiff failed to comply with the requirements of Local Rule 56 in that he neither admitted nor denied the statements of fact in defendant's Local Rule 56(a)(1) Statement. As a result, all material facts in defendant's Local Rule 56(a)(1) Statement that are supported by evidence are "deemed admitted."

[3] Attached to plaintiff's response to the motion for summary judgment are information sheets for seven separate prescriptions filled for plaintiff in February 2011. Several of the prescription medications are commonly used in mental health treatment.

plaintiff's case manager at Genesis, a local mental health facility, as well as a Jail Diversion staff member, that plaintiff was homeless. Then, on September 14, 2009, she completed a discharge summary for the plaintiff and left messages for staff members at Genesis and Jail Diversion requesting information and collaboration with regard to a discharge plan for him. She had no other involvement with the plaintiff during his admission to the HCC.

In his response to the motion for summary judgment, plaintiff alleges that defendant "refused" to have him seen by a doctor concerning medication he was taking before he was incarcerated. See Pl.'s Response to Def.'s Motion ¶ 3. This allegation finds no support in the record. The record establishes that plaintiff was referred for a psychiatric evaluation on the date of his admission to HCC. There is no evidence in the record that when he saw the defendant two days later, he asked to be seen by a doctor, mentioned anything about a need for medication or displayed symptoms suggesting a need for medication. Defendant states without contradiction that if plaintiff had informed her of a problem with his medication, she would have notified the triage nurse.

III. Discussion

Under the Eighth Amendment, prisoners have a right to receive medical treatment for serious medical conditions. See

4

Estelle v. Gamble, 429 U.S. 97, 103 (1976).[4]  To prove a denial of medical care in violation of the Eighth Amendment, a prisoner must show that the defendant acted with "deliberate indifference to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 834 (1994); see also Wilson v. Seiter, 501 U.S. 294, 303 (1991).  An official acts with deliberate indifference if she "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [she] must also draw the inference."  Farmer, 511 U.S. at 837.  This culpable state of mind is equivalent to criminal recklessness.  Id. at 839-40; see also Hernandez v. Keane, 341 F.3d 137, 144 (2d Cir. 2003)(noting that medical malpractice without a culpable mental state equivalent to recklessness cannot support an Eighth Amendment claim).  In meeting his burden, a plaintiff must prove that the defendant had "actual knowledge" of the excessive risk to his health or safety.  Brock v. Wright, 315 F.3d 158, 164 (2d Cir. 2003).

Judged in light of these well-established principles, plaintiff's claim does not raise a triable issue.  Plaintiff claims that defendant was deliberately indifferent to his serious medical need because she failed to take him to a doctor to obtain

---

[4] For purposes of this motion only, defendant concedes that plaintiff had a serious medical condition at the HCC relating to his mental health.

prescription medication.  As mentioned above, however, there is no evidence that when plaintiff saw the defendant on September 11, he asked to be seen by a doctor or said anything about a need for medication.  Nor is there any evidence that defendant knew he needed medication or disregarded an excessive risk to his health.

Plaintiff's claim appears to be that the defendant should have reviewed his file, discovered that he was not receiving medication he had been taking prior to his admission, then taken steps to ensure that he received the medication without delay.  This claim fails to raise an issue for trial because it is unsupported by evidence showing that the defendant had a duty to check the status of plaintiff's medications.  Even assuming it could be shown that the defendant should have checked his medications, negligence does not support a claim under the Eighth Amendment.

III. Conclusion

Accordingly, the motion for summary judgment (doc. 30) is hereby granted.  The Clerk may enter judgment and close the file.

So ordered this 16th day of May 2011.

                                                /s/ RNC
                                            Robert N. Chatigny
                                     United States District Judge